UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                  NO: 17-104

JUSTIN CRAFT                            SECTION: J(4)

**ORDER & REASONS**

Before the Court is a *Motion to Vacate Sentence Under U.S.C. 28 § 2255* **(Rec. Doc. 265)**, filed by Defendant, Justin Craft ("Craft") and an opposition thereto (Rec. Doc. 267) by the United States of America. Craft has also filed a *Motion for Production of Documents* **(Rec. Doc. 262)**. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motions should be **DENIED**.

**FACTS AND PROCEDURAL BACKGROUND**

On June 8, 2017, a federal Grand Jury indicted Craft in an eleven-count indictment, charging him with various drug distribution and firearm related crimes. (Rec. Doc. 15). On April 10, 2018, the Government filed a Bill of Information establishing that on July 24, 2007 Craft plead guilty to possession of cocaine in Orleans Parish, thereby raising his statutory mandatory minimum. (Rec. Doc. 153).

On April 11, 2018 Craft stipulated to the Bill of Information and plead guilty to all counts in the indictment. (Rec. Doc. 160). On June 21, 2018, the United States

1

Probation office filed its Presentence Investigation Report, calculating Craft's guidelines range at 120 months. (Rec. Doc. 188).

On June 28, 2018, the Court sentenced Craft to 180 months imprisonment. (Rec. Doc. 193). Craft did not file a direct appeal. On September 18, 2019, Craft filed his present Motion to Vacate, Set Aside, or Correct Sentence under Section 2255, alleging ineffective assistance of counsel. (Rec. Doc. 263).

## **LEGAL STANDARD**

Section 2255 provides that a federal prisoner serving a court-imposed sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge

2

must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the government to file a response or to take other appropriate action. *Id*. After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8. An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Additionally, the Court recognizes that Petitioner's *pro se* complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) ("The filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction.").

## **DISCUSSION**

The Court must first address the timeliness of Singleton's Section 2255 motion. Section 2255 motions are subject to a 1-year period of limitations. In general, that period begins to run from the date the "judgment of conviction becomes final." 28 U.S.C. § 2255.[1] If a defendant chooses not to file a direct appeal, the one-year clock

---

[1] Technically the 1-year period of limitations runs from the latest of the following: 1)the date on which the judgment of conviction becomes final; 2)the date on which the impediment to making a motion created by governmental action

begins to run at the end of the 14-day period for filing a direct appeal. *United States v. Plascencia*, 537 F.3d 385, 388 (5th. Cir. 2008); *see also United States v. Jackson*, 470 F. Appx. 324, 327 (5th. Cir. 2012).

Here, Craft was sentenced on June 28, 2018 and judgment was entered on June 29, 2018. (Rec. Doc. 195). As Craft did not file a direct appeal, his conviction and sentence became final on July 13, 2018. Fed. R. App. P. 4(b)(1). Thus, his Section 2255 Motion to Vacate was due by July 13, 2019. Craft failed to file his Motion to Vacate until September 18, 2019, over two months after expiration of the relevant statute of limitations period.[2] As such, Craft's motion is time-barred pursuant to 28 U.S.C. § 2255(f)(1) and must be dismissed.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Justin Craft's *Motion to Vacate Sentence Under U.S.C. 28 § 2255* **(Rec. Doc. 625)** is hereby **DENIED** and an evidentiary hearing is not required.

**IT IS FURTHER ORDERED** that Defendant Justin Craft's *Motion for Production of Documents* (Rec. Doc. 262) is hereby **DENIED** due to the time-barred nature of his substantive claim.

New Orleans, Louisiana, this 12th day of December, 2019.

---

in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court; and 4)the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. *28 U.S.C. § 2255*. Here, only the final judgment of conviction timeframe is applicable.

[2] The envelope in which Craft mailed his petition, sent from prison, is dated September 16, 2018 (Rec. Doc. 263).

4

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE