UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 17-104 |
| JUSTIN CRAFT | SECTION: "J" |

### ORDER & REASONS

Before the Court is a *Motion for Compassionate Release* **(Rec. Doc. 326)** filed by Defendant Justin Craft, and an opposition filed by the Government (Rec. Doc. 333). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Defendant's motion should be denied.

### FACTS AND PROCEDURAL BACKGROUND

On June 28, 2018 Defendant was sentenced by this Court to 180 months of imprisonment after pleading guilty to five drug and firearm counts, including Conspiracy to Possess with the Intent to Distribute 100 Grams or More of Heroin and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. (Rec. Doc. 195).

On November 9, 2020 Defendant filed a motion for compassionate release while in state custody, which this Court denied because it does not have the authority to order compassionate release from state custody. (Rec. Doc. 293). Defendant was subsequently transferred to federal custody and is currently incarcerated at Beaumont USP with an anticipated release date of May 2, 2034. On October 1, 2021,

1

the Court received Defendant's present motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A).

Defendant contends that he has underlying health conditions that place him at a high risk of COVID-19 complications, particularly type 2 diabetes and high blood pressure. (Rec. Doc. 326). Defendant cites an uptick in positive COVID-19 cases at Beaumont USP, along with his underlying medical conditions, as the grounds for his compassionate release. *Id.* Notably, Defendant was offered the Pfizer vaccine in August of 2021 but refused it. (Rec. Doc. 333, at 16). The Government, in opposition, argues that the motion should be denied due to Defendant's failure to exhaust his administrative remedies. *Id.* at 6. In the alternative, the Government contends that Defendant has failed to provide any extraordinary and compelling reasons warranting his release and that applicable § 3553(a) factors weigh against release. *Id.* at 9 & 19.

## **LEGAL STANDARD**

"A court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)). To meet the exhaustion requirement, a defendant must submit a request to "the warden of the defendant's facility" for the BOP "to bring a motion [for compassionate release] on the defendant's behalf." § 3582(c)(1)(A). If the request is denied, the defendant must

pursue and exhaust "all administrative rights to appeal." *Id.* Alternatively, the requirement is considered satisfied after "30 days from the receipt of such a request by the warden." *Id.* Courts have held that the defendant bears the burden of demonstrating that he has exhausted his administrative remedies. *United States v. Metz*, No. 92-cr-00469, 2020 WL 2838593, at *2 (E.D. La. June 1, 2020).

When a defendant has met the exhaustion requirement, the court has the authority to reduce a defendant's sentence if it finds (1) that extraordinary and compelling reasons warrant a reduction under § 3582(c)(1)(A)(i); and (2) that the reduction is consistent with the applicable sentencing factors set forth in § 3553(a). *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

## DISCUSSION

First, the Court must determine whether Defendant has met his burden of demonstrating that he has exhausted all administrative remedies. To meet this burden, a defendant must show that he has submitted a request to "the warden of the defendant's facility" for the BOP "to bring a motion [for compassionate release] on the defendant's behalf." 18 U.S.C. § 3582(c)(1)(A). Defendant, in his motion and supporting documents, makes no mention of filing any such request. (Rec. Doc. 326); (Rec. Doc. 331). Additionally, the government claims that Beaumont USP has no record of Defendant filing a request for compassionate release at the facility. (Rec.

Doc. 333, at 7). Therefore, Defendant's failure to prove that he has satisfied this administrative prerequisite bars the Court from granting his motion.

Next, in the midst of his compassionate release arguments, Defendant argues that the Court should grant him relief for the invalid § 851 enhancement filed by the Government based upon a 2007 sentence for cocaine possession in Orleans Parish. (Rec. Doc. 326, at 4). Although the Government does not address this issue in its opposition, the Court will do so briefly.

Defendant contends that, per the First Step Act of 2018 ("FSA"), P.L. 115-391, his 2007 cocaine possession should not have been used as an § 851 enhancement. *Id*. Specifically relevant here is § 401 of the FSA which makes changes to the types of prior offenses that trigger enhanced penalties under 21 U.S.C. § 841(b)(1)(B)). Before the enactment of the FSA, a "felony drug offense" triggered penalties. After the FSA's enactment, the triggering offense became a "serious drug felony." A serious drug felony includes an offense under state law, involving manufacturing, distributing, or possessing with intent to distribute, a controlled substance for which a maximum term of imprisonment is ten years or more and the offender served a term of imprisonment of more than 12 months within fifteen years of the instant offense. *See* P.L. 115-391; 18 U.S.C. § 924(e)(2)(A).

Here, Defendant contends that his 2007 sentence for cocaine possession does not classify as a "serious drug felony." The issue, however, is that even if Defendant is correct, these changes are not retroactive and only apply to an offense that was committed *before* the date of enactment of the FSA, if a sentence for the offense has

not been imposed as of such date of enactment. P.L. 115-391. The FSA was enacted on December 21, 2018, and Defendant was sentenced on June 28, 2018, six months prior to enactment. Therefore, because his sentence was imposed before December 21, 2018, Defendant is not currently eligible for relief based upon the § 851 enhancement filed by the Government for possession of cocaine.[1]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Justin Craft's *Motion for Compassionate Release* **(Rec. Doc. 326)** is **DENIED without prejudice.**

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[1] Notably, if the currently pending First Step Implementation Act, S. 1014, 117th Cong. (2021), becomes law, § 401 of the FSA will be retroactive, and Defendant is free to raise this issue before the Court again.