UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 17-104 |
| JUSTIN CRAFT | SECTION "J" |

## ORDER AND REASONS

Before the Court are a *Motion for Compassionate Release* **(Rec. Doc. 361)** filed by Defendant Justin Craft, an opposition filed by the Government (Rec. Doc. 369), and supplementary memoranda filed by Defendant (Rec. Docs. 363, 374, and 375). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Defendant's motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

On June 28, 2018 Defendant was sentenced by this Court to 180 months of imprisonment after pleading guilty to five drug and firearm counts, including Conspiracy to Possess with the Intent to Distribute 100 Grams or More of Heroin and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. (Rec. Doc. 195).

The instant drug conviction is Defendant's fifth drug-related offense. (Rec. Doc. 188). Although three of those offenses were for mere possession, one from 2017 was for possession with intent to distribute heroin. (Rec. Doc. 188 at 8). Additionally, Defendant has previously been convicted of multiple firearm-related offenses including unlawful carrying of a weapon and possession of a firearm or weapon by a felon. (Rec. Doc. 188 at 17, 19–20). At the time of sentencing, Defendant additionally had other pending criminal charges, including but not limited to: distribution of

1

heroin, resisting police by force or violence, and multiple other firearm offenses. (Rec. Doc. 188 at 21).

Twice previously, Defendant has requested compassionate release. In the first denial, this Court determined Defendant to be held in state custody, placing him outside the federal court's jurisdiction. (Rec. Doc. 293). In the second denial, although Defendant was then in the custody of the Bureau of Prisons ("BOP"), this Court found Defendant had not exhausted his administrative rights. (Rec. Doc. 347). Further, even if he had so exhausted, the Court concluded Defendant's reliance on the First Step Act ("FSA") to negate a sentencing enhancement was unavailing because the FSA did not become effective until six months after his sentencing. *Id.*

Defendant again moves for compassionate release, largely restating his enhancement contentions and COVID-19-related health concerns. In turn, the Government opposes on similar grounds: that Defendant failed to exhaust his administrative remedies, that Defendant has failed to provide any extraordinary and compelling reasons warranting his release, and that applicable § 3553(a) factors weigh against release.

## **LEGAL STANDARD**

"A court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). To meet the exhaustion

requirement, a defendant must submit a request to "the warden of the defendant's facility" for the BOP "to bring a motion [for compassionate release] on the defendant's behalf." § 3582(c)(1)(A). If the request is denied, the defendant must pursue and exhaust "all administrative rights to appeal"; alternatively, the requirement is met "30 days from the receipt of such a request by the warden." *Id.*

Once a defendant has exhausted their administrative remedies, the Court may then reduce the defendant's term of imprisonment if it finds that extraordinary and compelling reasons warrant a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). This reduction must be consistent with applicable policy statements of the Sentencing Commission. *Id.* The defendant has the burden to demonstrate the extraordinary and compelling reasons supporting their release. *See United States v. Washington*, No. 16-19, 2020 WL 4000862, at *3 (E.D. La. July 15, 2020). The United States Sentencing Guidelines provide that a reduction should be granted only if "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2) (p.s.). If the Court grants a sentence reduction, it may impose a term of supervised release with conditions, including home confinement, "that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A).

## **DISCUSSION**

Defendant's motion mirrors what he has previously presented to the Court. However, in the interim, the United States Sentencing Commission has clarified the extent of extraordinary and compelling grounds under consideration in inmate-filed motions for compassionate release. *See United States v. Bolton*, No. 09-166, --- F.

3

Supp. 3d ---, 2024 WL 1966448, at *2–3 (E.D. La. May 3, 2024) (detailing history of amendment). Accordingly, it is appropriate to view Defendant's motion in this new light.

The Court's consideration comes notwithstanding Defendant's failure again to exhaust his administrative rights under § 3582(c)(1)(A). To meet this burden, a defendant must show that he has submitted a request to "the warden of the defendant's facility" for the BOP "to bring a motion [for compassionate release] on the defendant's behalf." 18 U.S.C. § 3582(c)(1)(A). Defendant claims to have made such a request of his warden. (Rec. Doc. 374 at 1). However, his attached proof is merely a correspondence from a legal aid organization, which provided the applicable law on exhaustion of administrative remedies. (Rec. Doc. 374-1). Missing is evidence of a request of his warden. Further, in its opposition, the Government states, "Beaumont USP has no record of the defendant filing a request at the facility . . . ." (Rec. Doc. 369 at 5). Defendant's failure to prove that he has satisfied the administrative prerequisite bars the Court from granting his motion.

However, even if Defendant's motion could be considered on the merits, it would fail both from considerations of § 3582(c)(2) extraordinary and compelling reasons and § 3553(a) sentencing factors. Extraordinary and compelling reasons are detailed in § 3582(c)(2)'s Policy Statement, U.S.S.G. § 1B1.13. As amended, § 1B1.13 lists six circumstances giving rise to an extraordinary and compelling reason for a sentence reduction. U.S.S.G. § 1B1.13(b). Two are possibly applicable to Defendant's motion: medical circumstances of the defendant and an unusually long sentence.

Defendant requests compassionate release, in part, due to his "health issues, along with the isolated environment that he's subjected to[.]" (Rec. Doc. 375-1 at 4). The health issues Defendant references apparently are his diabetes and high blood pressure. (Rec. Doc. 375-1 at 3). Those health issues, along with "religious beliefs," led Defendant to refuse COVID-19 vaccination and, in turn, to fear for his health all the more. In its opposition to Defendant's motion, the Government confirms his stated diagnoses, but notes BOP "records also confirm that both ailments continue to be well controlled with medication and the defendant is not suffering any ill effects from either ailment." (Rec. Doc. 369 at 13).

Defendant's health-related argument fails as an extraordinary and compelling reason. The "medical circumstances" consideration in § 1B1.13 focus on diagnoses that are terminal, untreatable, or exacerbated by confinement such that specialized care is needed, and "without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1). Commonplace ailments like diabetes and high blood pressure, which are being effectively treated, do not so qualify as medical circumstances for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433–34 (5th Cir. 2021). Further, a generalized fear of COVID-19's deteriorating impact on comorbidities "doesn't automatically entitle a prisoner to release." *Id.* at 435; *see also United States v. Cardenas-Sanchez*, No. 23-40172, 2023 WL 5611418, at *1 (5th Cir. Aug. 30, 2023). Defendant does not present an extraordinary and compelling medical circumstance.

Nor does he present grounds from an unusually long sentence. Defendant

5

continues to argue a now-inapplicable sentencing enhancement improperly increases his term of confinement. Previously, the Court addressed Defendant's argument:

> Here, Defendant contends that his 2007 sentence for cocaine possession does not classify as a "serious drug felony." The issue, however, is that even if Defendant is correct, these changes are not retroactive and only apply to an offense that was committed *before* the date of enactment of the FSA, if a sentence for the offense has not been imposed as of such date of enactment. P.L. 115-391. The FSA was enacted on December 21, 2018, and Defendant was sentenced on June 28, 2018, six months prior to enactment. Therefore, because his sentence was imposed before December 21, 2018, Defendant is not currently eligible for relief based upon the § 851 enhancement filed by the Government for possession of cocaine.

(Rec. Doc. 347 at 4–5) (emphasis in original). Congress has not made these provisions of the FSA retroactive. Thus, the Court's reasoning remains unchanged.

However, § 1B1.13 now provides courts the discretion to consider a non-retroactive sentencing change that would produce an unusually long sentence. *See* U.S.S.G. § 1B1.13(b)(6). For a court to find an extraordinary and compelling reason on that basis, the defendant must have "served at least 10 years of the term of imprisonment", and the change in law "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." *Id*.

Here, Defendant was sentenced on June 28, 2018, and has an expected release date of September 1, 2030. *See* FIND AN INMATE, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Sept. 30, 2024). Thus, he has not served the requisite ten years for unusually long sentence consideration.

Further, the Court declines to find a gross disparity based on the asserted inapplicable enhancement. Defendant pled guilty to five drug and firearm counts. Of those, Counts 1, 3, and 9 relied in part on a sentencing enhancement pursuant to 21 U.S.C. § 851(a)(1). With the enhancement, Count 1 had a mandatory minimum of ten years imprisonment, but a range of five-to-forty years without it. *See* 21 U.S.C. § 841(b)(1)(B). With the enhancement, Counts 3 and 9's maximum time of imprisonment expanded from twenty years to thirty years. *See* 21 U.S.C. § 841(b)(1)(C). Defendant was sentenced to 180 months, with 120 months for Counts 1, 3, 9, and 10 to be served concurrently. This sentence falls within the statutory range without a § 851 enhancement. In fact, as to Count 1, the 120 months of imprisonment is on the lower end of the possible five-to-forty-year sentence range.

Further, Defendant's individualized circumstances also weigh against any assertion of a gross disparity. Defendant has a significant history of drug and firearm offenses predating the instant convictions, including convictions for felon in possession of a firearm and possession with intent to distribute heroin. (Rec. Doc. 188 at 17–20). At his arrest for the instant convictions, agents recovered thirty-eight individually wrapped bags of heroin, four loaded semiautomatic firearms, and one loaded shotgun—all in plain view within a residence containing Defendant's two children. (Rec. Doc. 188 at 11–12 ("After securing the residence and turning the children over to the custody of their maternal grandmother, LEO began the search.")). From all measures, Defendant does not qualify for compassionate release based on an unusually long sentence.

7

Finally, even if Defendant exhausted administrative remedies and presented an extraordinary and compelling reason (which he does not), 18 U.S.C. § 3553(a) sentencing factors counsel against sentence reduction. In sentencing, courts are to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and sentencing range [in the Guidelines]. . . .;
>
> (5) any pertinent [Sentencing Commission] policy statement . . . .;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Given the seriousness of the instant offense and Defendant's criminal history, the Court declines to exercise discretionary sentencing reduction based on § 3553(a) factors.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion for Compassionate*

*Release* **(Rec. Doc. 361)** is **DENIED**.

      New Orleans, Louisiana, this 2nd day of October, 2024.

                                                    CARL J. BARBIER
                                       UNITED STATES DISTRICT JUDGE