UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No.: 17-104 |
| JUSTIN CRAFT | SECTION: "J" (4) |

## ORDER AND REASONS

Before the Court is a *Motion for Compassionate Release Under 3582(c)(1)(A)* **(Rec. Doc. 398)** filed by Justin Craft. The United States of America opposed the motion. (Rec. Doc. 404). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

On June 28, 2018 Mr. Craft was sentenced by this Court to 180 months of imprisonment and eight years of supervised release after pleading guilty to five drug and firearm counts, including Conspiracy to Possess with the Intent to Distribute 100 Grams or More of Heroin and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. (Rec. Doc. 195).

The instant drug conviction is Mr. Craft's fifth drug-related offense. (Rec. Doc. 188). Although three of those offenses were for mere possession, one from 2017 was for possession with intent to distribute heroin. (Rec. Doc. 188, at 7–8). Additionally, Mr. Craft has previously been convicted of multiple firearm-related offenses including unlawful carrying of a weapon and possession of a firearm or weapon by a felon. (Rec. Doc. 188, at 17–20). At the time of sentencing, Mr. Craft had other pending criminal

charges, including but not limited to: distribution of heroin; resisting police by force or violence; and multiple other firearm offenses. (Rec. Doc. 188, at 20–21).

Four times previously, Mr. Craft has requested compassionate release. In the first denial, the Court determined Mr. Craft to be held in state custody, placing him outside the federal court's jurisdiction. (Rec. Doc. 293). In the second denial, although Mr. Craft was then in the custody of the Bureau of Prisons ("BOP"), the Court found Mr. Craft had not exhausted his administrative rights. (Rec. Doc. 347). Further, even if he had so exhausted, the Court concluded Mr. Craft's reliance on the First Step Act ("FSA") to negate a sentencing enhancement was unavailing because the FSA did not become effective until six months after his sentencing. (Rec. Doc. 347).

In the third denial, the Court viewed Mr. Craft's motion in a new light in response to the United States Sentencing Commission having "clarified the extent of extraordinary and compelling grounds under consideration in inmate-filed motions for compassionate release." (Rec. Doc. 389, at 3–4). The Court once again found that Mr. Craft had not exhausted his administrative rights, and that even if so, Mr. Craft failed to present an extraordinary and compelling medical circumstance or grounds from an unusually long sentence. (Rec. Doc. 389, at 5–7). Moreover, the Court noted that 18 U.S.C. § 3553(a) counsels against sentence reduction. (Rec. Doc. 389, at 8). When Mr. Craft filed a fourth time, the United States requested that the motion be transferred to the Retroactivity Screening Committee for Amendment 821 ("821 Committee"). (Rec. Doc. 394). The Court granted the Government's request, referring

Mr. Craft's motion to the 821 Committee for review. (Rec. Doc. 395). Mr. Craft's motion was subsequently denied. (Rec. Doc. 396).

Mr. Craft again moves for compassionate release. (Rec. Doc. 398). This time, Mr. Craft introduces new claims and requests home confinement in the alternative. (Rec. Doc. 398). In turn, the United States opposes on the grounds that Mr. Craft has not exhausted his administrative remedies, fails to present any extraordinary and compelling reasons warranting a sentence reduction, and only the BOP has authority to grant Mr. Craft's request for home confinement. (Rec. Doc. 404).

In the instant motion, Mr. Craft alleges that he filed unanswered motions for compassionate release in September 2025 and January 2026. (Rec. Doc. 398, at ¶ 1). Mr. Craft asserts that Florence USP, where he is presently housed, disposed of his mail and violated his due process rights. (Rec. Doc. 398, at ¶ 2). Further, Mr. Craft alleges that on April 21, 2025, while housed at Hazelton USP, he was sexually assaulted by correctional officers. (Rec. Doc. 398, at ¶ 4). Mr. Craft reports being held down by several correctional officers in full restraints while one officer spit on his hand and forced it into Mr. Craft's rectum. (Rec. Doc. 398, at ¶ 18). Mr. Craft alleges that he was rushed to a local hospital immediately after the incident, where a "forensic specialist extracted DNA evidence of the assault from [his] rectum." *Id.* Mr. Craft states that he is pursuing criminal charges against the officers involved in his assault, as well as financial compensation. (Rec. Doc. 398, at ¶ 17). Additionally, Mr. Craft reports attempting suicide numerous times after the incident, and that his

mental health care level has been increased by a psychology specialist. (Rec. Doc. 398, at ¶ 19).

Following the alleged assault, Mr. Craft recounts filing his first request for compassionate release, to which he never received a response. (Rec. Doc. 398, at ¶ 5). On June 8, 2025, Mr. Craft reports being transferred from Hazelton USP and remaining in transit until July 10, 2025. (Rec. Doc. 398, at ¶ 6). Since the completion of his transfer, Mr. Craft has been housed at Florence USP. Mr. Craft contends he was unable to file the instant motion immediately after his arrival at Florence USP because of numerous lockdowns and delayed receipt of his personal property. (Rec. Doc. 398, at ¶ 7). Nonetheless, Mr. Craft alleges he attempted to file a second time after his transfer, with no response. (Rec. Doc. 398, at ¶ 8).

Mr. Craft asserts that he has suffered serious physical and mental injuries as a result of his assault, and that granting the instant motion would allow him to receive necessary treatment outside of an institutional setting. (Rec. Doc. 398, at ¶ 9). Mr. Craft contends that even with his increased care level, he is not receiving the level of care that would be available to him in society. (Rec. Doc. 398, at ¶ 20). Additionally, Mr. Craft states that his knowledge of correctional officers and inmates communicating with each other has caused him severe mental anguish and emotional distress, noting that he has been ridiculed for being a victim. (Rec. Doc. 398, at ¶ 10, 20). Mr. Craft asserts that his assault is an extraordinary and compelling reason which warrants his release, and requests that at minimum he be permitted to serve a term of home confinement. (Rec. Doc. 398, at ¶ 13–14). Further, Mr. Craft claims

he has exhausted his administrative remedies, filing the instant motion after his request to the Hazelton USP warden went unanswered for thirty days. (Rec. Doc. 398, at ¶ 15).

In response, the United States requests that the Court dismiss the instant motion without prejudice, asserting that Mr. Craft has not satisfied the requirements for compassionate release and the Court has no authority to direct the BOP to place Mr. Craft in home confinement. (Rec. Doc. 404). First, the Government contends that Mr. Craft has not exhausted his administrative remedies. (Rec. Doc. 404, at 3–6). The Government relies on Fifth Circuit precedent to emphasize that this prerequisite is "a mandatory claim-processing rule that must be enforced if invoked by the government." (Rec. Doc. 404, at 3). Moreover, the Government asserts that Mr. Craft bears the burden of demonstrating that he has exhausted administrative remedies under 18 U.S.C. § 3582(c)(1)(A), which he has failed to do. (Rec. Doc. 404, at 4). The Government contends that Mr. Craft has not shown he exhausted the BOP internal administrative processes or allowed thirty days to pass after serving his request on the warden of his facility, alleging that Florence USP has no record of Mr. Craft filing a request. (Rec. Doc. 404, at 4).

Alternatively, the Government requests that the Court deny the instant motion on the merits, asserting that Mr. Craft fails to present extraordinary or compelling reasons warranting a sentence reduction. (Rec. Doc. 404, at 6). The Government contends that Mr. Craft has provided no evidence in support of his abuse allegation, including medical records or legal documents. (Rec. Doc. 404, at 7). While

the Government concedes that Mr. Craft's medical records reflect an assertion that an employee at Hazelton USP assaulted him, the Government maintains that Mr. Craft fails to demonstrate that any of the alleged misconduct has been "established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding" pursuant to U.S.S.G. § 1B1.13(b)(4). (Rec. Doc. 404, at 7–8). Further, the Government asserts that while the records show Mr. Craft has been placed on suicide watch during his imprisonment, the records also show that Mr. Craft is receiving treatment from medical staff and do not reflect an inability to provide self-care pursuant to U.S.S.G. § 1B1.13(b)(1)(B)(i). (Rec. Doc. 404, at 7–8).

Next, the Government emphasizes the seriousness of Mr. Craft's past offenses and the significant amount of time left on his sentence, reminding the Court that even if extraordinary and compelling reasons are found, the Court still has discretion to deny relief under 18 U.S.C. § 3553(a)'s sentencing factors. (Rec. Doc. 404, at 8–11). Lastly, the Government contends it is well-established that the BOP has sole authority to grant or deny a request altering a defendant's place of incarceration, with consideration given to a district court's non-binding recommendation. (Rec. Doc. 404, at 11). For this reason, the Government asserts that only the BOP may determine Mr. Craft's placement, and the Court cannot grant his request for home confinement. *Id.* Moreover, the Government contends that Mr. Craft has no constitutional right to confinement in any particular place, including at home. (Rec. Doc. 404, at 11–12).

**LEGAL STANDARD**

"A court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)). To meet the exhaustion requirement, a defendant must submit a request to "the warden of the defendant's facility" for the BOP "to bring a motion [for compassionate release/sentence reduction] on the defendant's behalf." § 3582(c)(1)(A). If the request is denied, the defendant must pursue and exhaust "all administrative rights to appeal." *Id.* Alternatively, the requirement is considered satisfied after "30 days from the receipt of such a request by the warden." *Id.*

Once a defendant has exhausted his administrative remedies, the Court may then reduce the defendant's term of imprisonment if it finds that extraordinary and compelling reasons warrant a sentence reduction. § 3582(c)(1)(A)(i). This reduction must be consistent with applicable policy statements of the Sentencing Commission. § 3582(c)(1)(A). Section 3582(c)(1)(A)(i)'s use of "extraordinary and compelling" captures "the truly exceptional cases that fall within no other statutory category" and sets "an exceptionally high standard for relief." *United States v. McCoy*, 981 F.3d 271, 287–88 (4th Cir. 2020). The defendant has the burden to demonstrate the extraordinary and compelling reasons supporting his release. *See United States v. Washington*, No. 16-19, 2020 WL 4000862, at *3 (E.D. La. July 15, 2020) (Morgan,

J.). The U.S. Sentencing Guidelines provide that a reduction should be granted only if the "defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2) (p.s.).[1] If the Court grants a sentence reduction, it may impose a term of supervised release with conditions, including home confinement, "that does not exceed the unserved portion of the original term of imprisonment." § 3582(c)(1)(A).

**DISCUSSION**

The Government contends that Mr. Craft has not exhausted the available administrative remedies. Conversely, Mr. Craft claims that Florence USP has violated his due process rights by failing to respond to his previous requests and disposing of his mail containing motions for the Court. (Rec. Doc. 398, at ¶ 2). As it stands, Mr. Craft's claims are baseless. Florence USP reports no record of receipt of a request for compassionate release from Mr. Craft. (Rec. Doc. 404, at 4). Mr. Craft offers no evidence showing that he submitted any requests. Without such evidence, Mr. Craft cannot properly assert that he has exhausted administrative remedies. As for his due process claim, Mr. Craft has presented no evidence showing that his previous requests were ignored or that his mail was thrown away. Mr. Craft must rely on more than the mere blanket statement that it is "known practice for correctional officers to throw inmates['] mail away." (Rec. Doc. 398, at ¶ 2).

[1] Policy statements are binding in § 3582(c) proceedings. *United States v. Garcia*, 655 F.3d 426, 435 (5th Cir. 2011).

The Court finds that Mr. Craft's motion could be denied on this basis alone. However, based on Mr. Craft's persistent history of filing motions for post-conviction relief, and considering that the instant motion is fully briefed, the Court will decide the motion on its merits.

Under 18 U.S.C. § 3582(c)(1)(A), as modified by Section 603 of the First Step Act, a sentencing court may reduce an imposed sentence upon a showing of either extraordinary and compelling reasons or the following: that the defendant is at least 70, has served at least 30 years in prison, and is no longer a danger to any other person or his community. Because the second situation does not apply to Mr. Craft, he must demonstrate that there are extraordinary and compelling reasons for the Court to reduce his sentence. Again, this is "an exceptionally high standard for relief." *McCoy*, 981 F.3d at 288. Further, "Congress has not defined what constitutes 'extraordinary and compelling reasons' for a sentence reduction[.]" *United States v. Cooper*, 996 F.3d 283, 287 (5th Cir. 2021).

The Sentencing Commission, however, provided six categories of extraordinary and compelling reasons in its corresponding policy statement: (1) medical conditions; (2) advanced age; (3) family circumstances; (4) physical or sexual abuse, under certain conditions, while incarcerated; (5) other reasons that "are similar in gravity" to the previous four; and (6) an unusually long sentence. U.S.S.G. § 1B1.13(b) (p.s.). Mr. Craft contends that the Court should grant compassionate release based on his alleged sexual assault and subsequent physical and mental injuries; however, he has not provided sufficient documentation or evidence to substantiate his claim.

U.S.S.G. § 1B1.13(b) outlines standards for extraordinary and compelling reasons that may warrant a sentence reduction. The relevant portions of U.S.S.G. § 1B1.13(b)(4) describe the standards for victims of abuse:

> The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:
> (A) **sexual abuse involving a "sexual act,"** as defined in 18 U.S.C. § 2246(2) . . . or
> (B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 . . . that was **committed by, or at the direction of, a correctional officer,** an employee or contractor of the [BOP], or any individual who had custody or control over the defendant.
> For purposes of this provision, the misconduct **must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding,** unless such proceedings are unduly delayed or the defendant is in imminent danger.

U.S.S.G. § 1B1.13(b)(4) (p.s.) (emphases added).

Mr. Craft asserts that the Court should grant his motion for compassionate release so he can "receive the necessary treatment for his physical and mental injuries, by professionals outside of [an] institutional setting." (Rec. Doc. 398, at ¶ 9). In support of his request, Mr. Craft states that following his alleged assault, a forensic specialist at a local hospital extracted DNA evidence from his rectum. (Rec. Doc. 398, at ¶ 4). However, Mr. Craft fails to present evidence in support of this, and the medical records obtained by the Government (Rec. Doc. 404-1) do not contain any documentation of DNA testing. Moreover, while Mr. Craft declares he is pursuing criminal charges and financial compensation, it appears that no criminal or civil proceedings have been commenced. (Rec. Doc. 398, at ¶ 17). There has been no

conviction, finding of liability, or admission of liability. Therefore, the alleged misconduct has not been properly established under U.S.S.G. § 1B1.13(b)(4).

Additionally, Mr. Craft emphasizes his mental health struggles arising from the alleged assault. (Rec. Doc. 398, at ¶ 19). The relevant portions of U.S.S.G. § 1B1.13(b)(1) describe the standards for defendants suffering from serious medical circumstances, particularly conditions that substantially diminish "the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," along with conditions that require "long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1) (p.s.). Mr. Craft contends that "prison officials are not properly trained or equiped [sic] to treat him mentally or physically." (Rec. Doc. 398, at ¶ 10). The Government asserts that although Mr. Craft has been placed on suicide watch during his term of imprisonment, his records reflect treatment from medical staff rather than an inability to care for himself. (Rec. Doc. 404, at 9).

Generally, § 1B1.13(b)(1) focuses on diagnoses that are terminal, untreatable, or exacerbated by confinement such that specialized care is needed. U.S.S.G. § 1B1.13(b)(1) (p.s.). The Court agrees with the Government's contention that Mr. Craft does not present any evidence suggesting his condition has substantially diminished his ability to provide self-care. Mr. Craft discusses his suicidal behavior, but does not assert that his ability to care for himself has been affected. *See* U.S.S.G. § 1B1.13(b)(1) (p.s.). Further, Mr. Craft is undergoing treatment and reports being

attended to by a psychology specialist. (Rec. Doc. 398, at ¶ 19). While the Court recognizes that victims of sexual assault are exposed to traumatic and emotionally distressing experiences, Mr. Craft fails to specify treatment that is accessible in society but unavailable to him during incarceration. For these reasons, Mr. Craft's medical circumstances do not constitute an extraordinary and compelling reason justifying his release.

The Court empathizes with Mr. Craft's situation and encourages him to continue seeking treatment and, if he wishes, pursuing legal action against the alleged perpetrators. Nonetheless, even accepting Mr. Craft's allegations as true, the substance of his claims combined with the evidence provided are insufficient to warrant a reduction in his sentence. The Court finds that Mr. Craft has not carried his burden to demonstrate an extraordinary and compelling reason for a sentence reduction.

The analysis could end here. However, the Government claims that the sentencing factors in 18 U.S.C. § 3553(a) also counsel against Mr. Craft's early release. Applicable sentencing factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;

(4) the kinds of sentence and sentencing range [provided for in the U.S.S.G.] . . .
(5) any pertinent [Sentencing Commission] policy statement . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The Government describes Mr. Craft's past actions as "galling," asserting that they "not only affected the public, but also endangered his own children in his own home." (Rec. Doc. 404, at 10). The instant conviction is Mr. Craft's fifth drug-related offense. (Rec. Doc. 188). Further, Mr. Craft has previously been convicted of multiple firearm-related offenses. (Rec. Doc. 188, at 17–20). In one situation, Mr. Craft was discovered in the presence of his minor children with drugs and firearms in plain view. (Rec. Doc. 188, at 10–11). Mr. Craft's past actions are alarming, and his history of recidivism calls into question whether he would pose a danger to the safety of other individuals and his community if released.

Moreover, granting a sentence reduction would undermine the need for the sentence to reflect the seriousness of the offense and to provide just punishment. As the Government notes, "a grant of compassionate release would effectively reduce [Mr. Craft's] sentence from fifteen years to nine (though he is facing mandatory minimum terms of imprisonment)." (Rec. Doc. 404, at 10). Considering the severe nature of Mr. Craft's offenses and his long criminal history, the Court finds that allowing the remainder of his 180-month sentence to run its course best promotes deterrence and rehabilitation.

Lastly, the Court agrees with the Government's contention that only the BOP has the authority to place Mr. Craft in home confinement. It is well-established that "only the Bureau of Prisons has the actual authority to designate the place of incarceration." *United States v. Voda*, 994 F.2d 149, 151–52 (5th Cir. 1993) (citing *United States v. Valli*, 925 F.2d 889, 894 (6th Cir. 1991)). "Any order, recommendation, or request by a sentencing court . . . shall have no binding effect on the authority of the [BOP]." 18 U.S.C. § 3621(b). The location that Mr. Craft serves the remainder of his sentence is at the discretion of the BOP, not the Court. At this time, the Court declines to recommend home confinement for Mr. Craft.

Accordingly, based on the totality of the circumstances, the Court concludes that Mr. Craft's motion for a sentence reduction pursuant to 18 U.S.C. § 3582 should be denied. Mr. Craft has not exhausted the available administrative remedies or met his burden of demonstrating an extraordinary and compelling reason for the Court to grant a sentence reduction. Further, the § 3553(a) factors weigh against compassionate release. Lastly, the Court agrees with the Government's contention that only the BOP may determine Mr. Craft's place of incarceration.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Justin Craft's *Motion for Compassionate Release Under 3582(c)(1)(A)* **(Rec. Doc. 398)** is **DENIED.**

New Orleans, Louisiana, this 8th day of October, 2026.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE